[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FOR MODIFICATION
The plaintiff moves to modify the award of alimony to the defendant.
The court (J. Morelli, STR) entered a Judgment of Dissolution of the marriage of the parties on June 3, 1988. The Judgment ordered the plaintiff to pay to the defendant ". . . the sum of $400.00 per week as periodic alimony to the wife until the wife completes her education and/or obtains full-time employment or June 30, 1994, which ever first occurs, at which time the court shall take a second look and reconsider alimony CT Page 8022 as to the amount and as to duration. At any time, said alimony shall be modifiable or terminable by either party upon a showing of a substantial change in circumstances."
The court finds that there is a substantial change in circumstances of the parties. At the time of the dissolution the plaintiff's net income was $800.00 per week; the defendant's was $87.50 per week. At the present time the plaintiff's net income is $339.67 per week; the defendant's net income is $226.78 per week.
Thus, the parties' financial circumstances have materially and substantially changed.
The court's (J. Morelli) alimony order in its judgment permits a modification at any time; although the court also set out specific alimony payments of $400.00 per week until the defendant completed her education or in the alternative when fully employed or the definite date of June 30, 1994 was reached.
By way of this Judgment order the plaintiff could have applied to the court for a modification of the alimony as early as May 1993 when the defendant completed her schooling and obtained her degree in teaching. The plaintiff testified that he did not seek modification earlier since he wanted to permit the defendant time after receiving her teaching degree to enter into the employment field. Now that the last alternative date set in the order has passed, he is seeking a modification. Further, now that the defendant has the educational qualification for employment in the educational or related fields, the plaintiff's alimony responsibilities should be ended.
The plaintiff contends that because of her age, she is 55 years old, and because of the tight economic conditions, she is having difficulties getting a teaching job although she has been employed as a substitute teacher. That she should have the alimony continued.
Further, both parties point out their medical problems. The defendant contends she has serious depression attacks that require treatment by a psychiatrist. The plaintiff testified he has cancer of the prostate which has been under treatment for some time. The plaintiff also has high blood CT Page 8023 pressure with related difficulties. Inspite of these serious health problems, he continues to work because he has to. He feels that the defendant also should seek full-time employment in any available field without necessarily waiting for a teaching position that may not open up for her.
The court finds that the Judgment of Dissolution arranged for the defendant to pursue her educational objective so that she would be prepared to support herself. That these orders were carried out by the parties. That the court in reassessing the situation of the parties at the present time concludes that the plaintiff's Motion for Modification should be and is granted, in the following respects:
That the alimony previously ordered is to be paid by the plaintiff to the defendant to August 1, 1994; that, the alimony is then reduced to $50.00 per week, together with the payment of the defendant's health insurance premiums on the health insurance presently in effect. That both of these payments continue until May 1, 1995 at which time all payments are terminated.
JULIUS J. KREMSKI STATE TRIAL REFEREE